UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-CV-00473-MJS (PC)<br><br>FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 13)<br><br>SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SECOND SCREENING ORDER**

**I.**    **PROCEDURAL HISTORY**

Plaintiff James Suknaich ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 13, 2009, and consented to Magistrate Judge jurisdiction on March 27, 2009. (ECF Nos. 1 & 7.) No other parties have appeared. Plaintiff's original Complaint was dismissed for failure to state a cognizable claim on June 26, 2009. (ECF

No. 10.) Plaintiff was granted leave to amend, and his First Amended Complaint was filed August 31, 2009. (ECF No. 13.) It is this Amended Complaint that is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges violations of his Eighth Amendment rights to be protected and receive adequate medical care and his Fourteenth Amendment right to due process. Plaintiff names the following individuals as Defendants: James Yates, Warden; Hartley, Captain of B Yard CDCR Staff; Castro, MTA or Nurse for B Yard CDCR Staff; and fifteen John Does, various positions CDCR Staff.  At the time of the incident, all Defendants were employed at Wasco State Prison ("WSP").

Plaintiff alleges as follows: On September 8, 2005, Plaintiff was attacked and beaten by two other inmates at WSP.  Plaintiff, who is a "sensitive needs yard" ("SNY") prisoner[1], was waiting, with other SNY inmates and a prison guard, for a gate to be opened.  Several general population ("GP") inmates approached and began questioning the guard escorting the SNY prisoners.  The guard informed the GP inmates that Plaintiff and the inmates with him were SNY prisoners.  Two of the GP inmates then attacked Plaintiff.

Plaintiff was placed in a wheel chair and taken into a wheel chair cage.  He was interviewed by Defendant Castro regarding the attack and his resulting injuries.  Plaintiff informed Defendant Castro that his head and back hurt.  Defendant Castro sent Plaintiff back to his cell.  Plaintiff became ill several times. Defendant Castro returned with a wheel chair and took Plaintiff to the doctor.  The doctor sent Plaintiff to an outside hospital where he was treated for a concussion.  Plaintiff's back symptoms were not treated.  Plaintiff then returned to the prison.  He did not receive medical treatment again until three days later.

---

[1] A SNY status classification is used for certain inmates who need to be protected from other inmates who pose a threat to their safety.  Ramos v. Monteiro, 2009 WL 1370998, *3 fn. 2 (C.D.Cal. May 14, 2009).  Examples of inmates who are given the SYN classification include, but are not limited to gang drop-outs, pedophiles, and rapists.  Walters v. Doan, 2006 WL 250679, *2 (E.D.Cal. Aug. 29, 2006).

Plaintiff eventually had surgery on his back. At the time of surgery, he was informed that if his back had been treated earlier, the doctor would have been able to do more for him and he would not have been in pain for four years.

Plaintiff does not appear to make any request for relief.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Eighth Amendment Claims

Plaintiff claims that Defendants failed to protect him and that he received inadequate medical care, both in violation of his Eighth Amendment rights.

#### 1.   Failure to Protect

Plaintiff alleges that Defendants failed to protect him from GP inmates when they allowed unsupervised GP inmates into the same yard with Plaintiff and informed the GP inmates of Plaintiff's SNY status. These acts jeopardized his safety in violation of the Eighth Amendment.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures to ensure the safety of inmates. See Farmer v.

4

Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff does not explicitly state that the guard escorting Plaintiff knew or should have known that a substantial risk of serious harm existed if the GP inmates were made aware of his SNY status and were allowed contact with SNY inmates. However, the Court must draw all reasonable inferences in favor of Plaintiff, and the only reasonable inference here is that prison rules and regulations provide for the segregation of SNY inmates from

5

GP inmates and that prison guards are trained to follow these rules.  See Bush v. Baca, 2010 WL 4718512, *5 (C.D. Cal. Sep. 3, 2010) (quoting Taylor v. Mich. Dep't of Corrs., 69 F.3d 76, 81 (6th Cir. 1995) ("Farmer makes clear that the correct inquiry is whether [the prison official] had knowledge about the substantial risk of serious harm to a particular class of [prisoners], not whether he knew who the particular victim turned out to be.").  The mere classification of Plaintiff as SNY put the escorting guard on notice of a substantial risk of serious harm if intermingling was permitted.

Plaintiff does not explicitly state that the guard was deliberately indifferent to the risk created by allowing GP and SNY inmates to intermingle.  However, Plaintiff's allegation that the guard told the GP inmates Plaintiff's status demonstrates deliberate indifference to the safety of SNY prisoners.

For these reasons, the Court finds that Plaintiff has stated a cognizable claim for failure to protect under the Eighth Amendment.  However, he has failed to identify the prison guard who was escorting him and divulged his status.  The Court will give Plaintiff leave to amend this claim and name the responsible party.  In his Second Amended Complaint, it would also benefit Plaintiff to give more detailed directly related to this failure to protect claim.

### 2. Medical Care

Plaintiff alleges that he received inadequate medical care after the attack.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett, 439 F.3d at 1096 (quoting Estelle, 429 U.S. at 106.  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's

6

condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin, 974 at 1059, overruled on other grounds, WMX, 104 F.3d 1133 (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon,

7

662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff fails to allege facts sufficient to state a claim based on inadequate medical care.  He states that, following the attack, he told Defendant Castro where his pain was located and requested a doctor.  Although Defendant Castro initially denied the request, once Plaintiff became ill in his cell, Castro responded and transported Plaintiff for medical treatment.  It, thus, appears that once Defendant Castro became aware of Plaintiff's serious medical condition, he responded quickly and appropriately.  Plaintiff has not set forth facts that show Defendant Castro, or any other named Defendant, knew of a serious medical condition and was deliberately indifferent to it.

Plaintiff alleges that there were several delays in receiving medical treatment, first on the day of the attack and then for a considerable period with respect to his back injury.  As to the day of the attack, there is no indication that the delay was significant or that the delay in treatment either injured him further or aggravated his injuries or adversely affected him in any way.

With respect to his back injury, Plaintiff says one doctor told him that he would have had better results from the surgery if it had happened sooner.  He does not specify when the surgery was, why he had surgery at that time, whether anyone was or should have

been aware of a serious back injury prior to the surgery, or if circumstances other than the attack caused him to seek relief.

If Plaintiff is making an argument based on the course of treatment followed by Defendants after the attack but prior to his surgery, he has failed to allege facts sufficient to sustain this claim. He does not allege that the course of treatment followed was medically unacceptable under the circumstances, or that it consciously disregarded Plaintiff's health. At most, Plaintiff is alleging a disagreement with the diagnosis, or lack thereof, and the chosen treatment. As stated above, such disagreement is insufficient to state a constitutional claim. Also, Plaintiff has failed to name a Defendant who would be liable for this claim; none of the named Defendants are alleged to have treated Plaintiff's injuries.

The Court will give Plaintiff leave to amend this claim and attempt to plead facts sufficient to make such a claim. Upon amendment, Plaintiff needs to state this claim with more specificity and address the deficiencies noted above as well as allege which particular Defendant should be held liable on this claim.

### B.  Denial of Access to the Courts

Plaintiff alleges he asked Defendant Hartley for the names of the GP inmates who attacked him so Plaintiff could press charges against them. Defendant Hartley refused to divulge the names to Plaintiff.

The only possible basis the Court can discern for a claim based on these facts is one of denial of access to the courts. In order to successfully state a claim for denial of access to the courts, Plaintiff needs to allege a specific instance in which he was denied the tools he needed to litigate a non-frivolous criminal trial, criminal appeal, habeas

9

proceeding, or Section 1983 case challenging the conditions of his confinement. Jones v. Dovery, 2008 WL 733468, *2 (S.D.Cal. Mar. 18, 2008) (citing Lewis v. Casey, 518 U.S. 343, 355 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989)). See also Lehn v. Holmes, 364 F.3d 862, 865-66 (7th Cir. 2004). In order to show that he has been denied access, Plaintiff must allege facts suggesting that he "has suffered an injury over and above" the actual denial of access to a court. Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998). At a minimum, he must allege facts showing that the "blockage prevented him from litigating a nonfrivolous case." Id.

Plaintiff has no constitutional right to the names of the inmates who assaulted him. He has identified nothing that could be said to place a duty on Defendant Hartley to provide the names. Chauncey v. Randall, 2001 WL 34118078, *3 (N.D.Tex. Dec. 13, 2001).

Therefore, as pleaded, Plaintiff has failed to state a claim for denial of his right to access the courts. The Court will grant Plaintiff leave to amend and attempt to allege truthful facts sufficient to identify a legal duty on the part of Defendant Hartley to divulge the names of Plaintiff's assailants and a breach of that duty by Defendant Hartley's refusal to do so.

### C.     Personal Participation By Defendants

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each

government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that Defendant Yates personally acted to violate his rights. Plaintiff complains that one unnamed guard informed the GP inmates of Plaintiff's SNY status, other unnamed guards failed to supervise the inmates and the yards, Defendant Castro denied him adequate medical care, and Defendant Hartley denied him information. None of the allegations are specifically linked to Defendant Yates. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order as to Defendant Yates.

### D. Doe Defendants

Plaintiff names fifteen John Does as Defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D.Cal. July 20, 2010). Plaintiff is advised that neither John Doe nor Jane Doe defendants can be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants; the court will not undertake to investigate the names and

identities of unnamed defendants. Id. Because the Court is granting Plaintiff another opportunity to amend his claims, it will also give him leave to set forth sufficient identification for the fifteen John Doe Defendants.

### E. Relief Request

Plaintiff does not make a specific request for relief. Plaintiff makes some mention of prison officials breaking their own rules and, while this could be construed as a request for some sort of declaratory or injunctive relief, it would be inappropriate for the Court to so assume. If Plaintiff intends to seek such relief, i.e., a court order directing the prison to take action or refrain from acting in a particular manner, he should note that any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1)(A). The Court will give Plaintiff leave to amend his Complaint to attempt to seek relief consistent with the Act or any other relief appropriate here.

Plaintiff also refers to the breaking of his eyeglasses in the attack. He does not specify any relief he wants granted related to this loss. The Court will grant Plaintiff leave to include a request for relief in his Amended Complaint.

### V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon

which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants (other than possibly naming any John or Jane Doe Defendants) or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incident on September 8, 2005.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this

13

order;

2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-CV-473-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   December 10, 2010            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE