UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH, | CASE NO.   1:09-cv-00473-MJS (PC) |
| Plaintiff, | SECOND AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 21) |
| JAMES YATES, et al., | |
| Defendants. | THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____ / | |

**THIRD SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff James Suknaich ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on March 13, 2009, and consented to Magistrate Judge jurisdiction on March 27, 2009.  (ECF Nos. 1 & 7.)  No other parties have appeared.  Plaintiff's original Complaint and First Amended Complaint were dismissed on June 26, 2009 and December

1

13, 2010, respectively, both for failure to state a cognizable claim. (ECF Nos. 1, 13, 10, & 18.) Plaintiff was granted leave to amend, and his Second Amended Complaint was filed March 14, 2011. (ECF No. 21.) It is this Second Amended Complaint that is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual

2

allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff sues the following individuals for violation of his Eighth Amendment right to be protected: Wasco Warden; Hartley, Captain; Castro, MTA; Johnson, CO; and John and Jane Does 1 -10[1]. At the time of the incident, all Defendants were employed at Wasco State Prison ("WSP").

Plaintiff alleges as follows: On September 8, 2005, Plaintiff was attacked and beaten by other inmates at WSP. Plaintiff, who is a "sensitive needs yard" ("SNY") prisoner[2], was with a prison escort in an area cleared for SNY inmates. Several general population ("GP") inmates were left by their escorting guard in the same area. The SNY escort informed the GP inmates that Plaintiff was an SNY inmate. Several of the GP inmates then attacked Plaintiff.

Plaintiff seeks compensation for his injuries and broken glasses and punitive damages.

### IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to

---

[1] Plaintiff names all of these Defendants in the caption of his Complaint, but does not refer to any of them or attribute any unconstitutional conduct to any of them in the Statement of Claims section of his Complaint. In his Amended Complaint, Plaintiff must attribute the allegedly wrongful conduct to a named Defendant, specifically the escort who informed the GP inmates of Plaintiff's status. Claims against other Defendants will be dismissed with prejudice.

[2] A SNY status classification is used when certain inmates need to be protected from other inmates who pose a threat to their safety. Ramos v. Monteiro, 2009 WL 1370998, *3 fn. 2 (C.D.Cal. May 14, 2009). Examples of inmates who are given the SNY classification include, but are not limited to, gang drop-outs, pedophiles, and rapists. Walters v. Doan, 2006 WL 250679, *2 (E.D.Cal. Aug. 29, 2006).

3

>     the deprivation of any rights, privileges, or immunities secured
>     by the Constitution . . . shall be liable to the party injured in an
>     action at law, suit in equity, or other proper proceeding for
>     redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff claims that Defendants' failure to protect him violated his Eighth Amendment rights. Plaintiff alleges that Defendants allowed unsupervised GP inmates into the same yard with Plaintiff and informed the GP inmates of Plaintiff's SNY status thereby jeopardizing Plaintiff's safety in violation of the Eighth Amendment.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures to ensure the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi

v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

This Court previously found in its Second Screening Order that Plaintiff had stated a cognizable claim against the guard who was escorting Plaintiff and who disclosed Plaintiff's SNY status. See Bush v. Baca, 2010 WL 4718512, *5 (C.D. Cal. Sep. 3, 2010). The classification of Plaintiff as SNY put the escorting guard on notice that there was a substantial risk of serious harm to him if he were intermingled with GP prisoners. The guard's deliberate indifference was shown when he divulged Plaintiff's SNY status to the GP inmates.

However, Plaintiff again fails to name the escorting guard and so fails to identify any individual Defendant against whom this case may proceed. The Court cannot order service on the escorting guard until he is identified. See Robinett v. Correctional Training Facility, 2010 WL 2867696 (N.D. Cal. July 20, 2010) (court cannot order service on "John Doe" defendants). Plaintiff will be given **one final opportunity** to name that Defendant or face dismissal of his entire action. The burden is on Plaintiff to discover the name of the escorting guard Defendant; the Court will not undertake to investigate the names and identities of unnamed defendants. Id. Only if Plaintiff demonstrates to the Court that he has exercised reasonable effort and diligence to identify the responsible party but has been

unable to do so, will the Court consider alternative means of proceeding.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file one additional amended complaint to address the potentially correctable deficiency noted above and identify the escorting guard Defendant. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Third Amended Complaint, Plaintiff must demonstrate that the named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims, but to name the escorting guard. The amended complaint must focus only on the incident of September 8, 2005.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this

6

order;

2. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:09-cv-473-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  March 17, 2011            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE