IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH,<br><br>　　　Plaintiff,<br><br>v.<br><br>JAMES YATES, et al.,<br><br>　　　Defendants.<br>_____ / | Case No. 1:09-cv-00473-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR EXTENSION<br><br>(ECF No. 23)<br><br>AMENDED COMPLAINT DUE JULY 15, 2011 |

　　　On April 11, 2011, Plaintiff filed a Motion for Extension of Time to file his third amended complaint and a Request for Counsel.  (ECF No. 23.)

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court has a policy of only seeking volunteer counsel in the most serious and exceptional cases.  In determining

whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court previously found that Plaintiff had stated a claim against the prison guard who was escorting him and revealed to general population prisoners that he was a sensitive needs yard prisoner. However, the Court informed Plaintiff that it could not order service on a "John Doe" defendant and that Plaintiff bore the burden of identifying the party responsible for the attack.

In the instant Motion seeking the appointment of counsel, Plaintiff contends that "try as I might I still fail to satisfy the courts wording and jargen and procedures." (ECF No. 23.) No particular "wording" or "jargen" is required to satisfy the Court's request at this point. All Plaintiff is required to do is name the individual who was escorting him and revealed that he was a sensitive needs yard prisoner. If he can name that individual, and include that name in an amended complaint that realleges all of the facts stated in the prior version of his complaint, the Court will order service of the complaint on that individual.

The Court acknowledges that Plaintiff may be unable to determine which prison guard was escorting him at the time of the attack. If Plaintiff puts forth a reasonable effort to identify the prison guard responsible in this case, and is still unable to do so despite these efforts, he should so notify the Court. Plaintiff must outline what steps he took to identify the responsible party and again request that counsel be appointed. If, after these efforts, the Court finds Plaintiff is unlikely to be able to proceed with this action on his own, it will reconsider whether counsel should be appointed to assist Plaintiff.

For the foregoing reasons, Plaintiff's Request for Counsel is HEREBY DENIED without prejudice to Plaintiff refiling the motion after he has reasonably attempted to identify the relevant individual.

Plaintiff also asks for an extension of time to file his amended complaint. To allow adequate time for Plaintiff to attempt to identify the prison guard responsible for the alleged

1 wrongdoing in this case, the Court will grant Plaintiff an additional ninety days to file his
2 amended complaint. Accordingly, Plaintiff's Motion for Extension is GRANTED and
3 Plaintiff's amended complaint shall be filed not later than **July 15, 2011**.

6 IT IS SO ORDERED.

7 Dated:   April 18, 2011              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE