# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH, | 1:09-cv-0473-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR INFORMATION AND RECONSIDERATION |
| v. | (ECF No. 26) |
| JAMES YATES et al., | |
| Defendants. | |

Plaintiff James Suknaich ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. ( ECF No. 7.)

Plaintiff initiated this action on March 13, 2009. (Compl., ECF No. 1.) The Court screened Plaintiff's Complaint, found that it did not state a claim, and gave Plaintiff leave to amend. (ECF No. 10.) On August 31, 2009, Plaintiff filed an Amended Complaint. (ECF No. 13.) Again, the Court screened Plaintiff's Amended Complaint, found that it did not state a claim, and gave Plaintiff leave to amend. (ECF No. 18.) Plaintiff then filed a Second Amended Complaint (ECF No. 21); again, the Court found the pleading did not state a cognizable claim (ECF No. 22). Plaintiff was given leave to amend. (Id.) Plaintiff

1 filed a Third Amended Complaint which has not yet been screened. (ECF No. 25.)

2 Plaintiff, on July 13, 2011, filed a Motion for Court Ordered Information from the
3 California Department of Corrections and Rehabilitation ("CDCR") and for Reconsideration.
4 (Mot., ECF No. 26.) Plaintiff's Motion is now before the Court, and the Court will separately
5 analyze the two different requests for relief therein.

## I.   MOTION FOR COURT ORDERED INFORMATION

In this Motion, Plaintiff requests that the Court order CDCR to provide information to Plaintiff. Plaintiff's Motion appears to be a premature discovery request.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must screen Plaintiff's Third Amended Complaint and determine if Plaintiff has a cognizable claim. If there is a cognizable claim, the Court will order service of Plaintiff's Complaint. The Court's First Informational Order, which was issued to Plaintiff when he filed his original Complaint, specifically states, "<u>No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order</u>." (emphasis in original) (ECF No. 4.) Once the Complaint has been served and if Defendants file an answer, the Court will issue a discovery and scheduling order which will provide the parties with time in which to conduct discovery. Plaintiff's Motion is premature at this time.

Accordingly, Plaintiff's Motion for Court Ordered Information is DENIED.

## II.   MOTION FOR RECONSIDERATION

In his Motion, Plaintiff also asks for the Court to reconsider its denial of Plaintiff's Motion to Appoint Counsel. Plaintiff previously denied Plaintiff's request to appoint counsel. (ECF No. 5.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

1  justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has provided no basis for his Motion for Reconsideration, and has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Plaintiff's Motion for Reconsideration is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   October 25, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE