# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH, | CASE NO. 1:09-cv-00473-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| JAMES YATES, et al,. | (ECF No. 25) |
| Defendants. | OCTOBER 17, 2012 DEADLINE |
| _____/ | |

Plaintiff James Suknaich ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on March 13, 2009. (Compl., ECF No. 1.) The Court screened Plaintiff's Complaint, found that it did not state a claim, and gave Plaintiff leave to amend. (ECF No. 10.) On August 31, 2009, Plaintiff filed an Amended Complaint. (ECF No. 13.) Again, the Court screened Plaintiff's Amended Complaint, found that it did not state a claim, and gave Plaintiff leave to amend. (ECF No. 18.) Plaintiff then filed a Second Amended Complaint (ECF No. 21), with similar results (ECF No. 22). Plaintiff filed a Third Amended Complaint, which the Court has reviewed but has not yet screened. (ECF No. 25.)

Plaintiff's Third Amended Complaint, like his previous pleadings, is deficient because Plaintiff fails to name any individual defendants. (ECF No. 25.) Since Plaintiff

-1-

can not continue this action without any named defendants, the Court appointed counsel for the limited purpose of discovering the names of potential defendants. (ECF No. 28.) Plaintiff's counsel was unable to discover any further information and has since been relieved. (ECF Nos. 34 & 36.)

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Due to Plaintiff's inability to discover the names of the parties responsible for the actions alleged in his pleadings, the Court cannot allow this action to continue.

Plaintiff will be given one more opportunity, until **October 17, 2012**, **and no later**, to present the Court with the names of the parties responsible for the actions alleged in his pleadings or show cause why his case should not be dismissed for failure to prosecute. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   September 27, 2012         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE